### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHARLES S. RIDDLE,<br><br>     Plaintiff,<br><br>v.<br><br>MEGAN BRENNAN, POSTMASTER GENERAL, U.S. POSTAL SERVICE,<br><br>     Defendant. | Case No. 15-9165-JAR-TJJ |

### MEMORANDUM AND ORDER

Plaintiff Charles S. Riddle filed this *pro se* civil action against the U.S. Postal Service alleging employment discrimination under Title VII of the Civil Rights Act of 1964 and the American with Disabilities Act of 1990 ("ADA"). Before the Court is Defendant's Motion to Dismiss Plaintiff's ADA claims for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted (Doc. 7). For the reasons explained in detail below, the Court grants Defendant's Motion to Dismiss Plaintiff's ADA claims for lack of subject-matter jurisdiction.

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."[1] "A case arises under federal law if its 'well pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

---

[1] 28 U.S.C. § 1331.

law.'"[2]  Plaintiff is responsible for showing the court by a preponderance of the evidence that jurisdiction is proper.[3]  Mere allegations of jurisdiction are not enough.[4]

Because plaintiff is a *pro se* litigant, the court must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[5]  However, the court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[6]  The court need only accept as true the plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[7]  Additionally, a *pro se* litigant is not excused from complying with the rules of the court and is subject to the consequences of noncompliance.[8]

Plaintiff alleges that he is an employee of the U.S. Postal Service with over twenty-nine years of service.[9]  Plaintiff alleges further that during his employment he requested an accommodation for treatment of rheumatoid arthritis, and that the U.S. Postal Service "failed to determine [Plaintiff's] rights" to an accommodation in violation of the ADA.[10]  Defendant moves to dismiss Plaintiff's ADA claims for lack of subject-matter jurisdiction, or in the alternative, for

---

[2]*Nicodemus v. Union Pacific Corp*., 440 F.3d 1227, 1232 (10th Cir. 2006) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)).

[3]*United States ex rel. Stone v. Rockwell Int'l Corp*., 282 F.3d 787, 797 (10th Cir. 2002).

[4]*Id.* at 798.

[5]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).  The Court notes that after this motion went under advisement, Plaintiff retained counsel in this matter.

[6]*Id.*

[7]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

[8]*Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

[9]Doc. 1 at 4.

[10]*Id.* at 5.

failure to state a claim upon which relief may be granted, because the Rehabilitation Act[11] provides the exclusive remedy for Plaintiff's allegations of disability discrimination.

The Court agrees. Title I of the ADA prohibits certain forms of discrimination against disabled individuals in the employment setting.[12] Under title I, the term "employer" does not include "the United States" or "a corporation wholly owned by the government of the United States."[13] The U.S. Postal Service is "an independent establishment of the executive branch of the Government of the United States."[14] As such, the U.S. Postal Service is not a "covered entity" under the ADA and thus is not directly subject to the ADA's prohibitions.[15] The Rehabilitation Act "is the exclusive remedy for discrimination in employment by the Postal Service on the basis of handicap."[16] Therefore, Plaintiff cannot assert claims against the U.S. Postal Service directly under the ADA. Because the Court finds that it lacks jurisdiction under Fed. R. Civ. P. 12(b)(1), it need not proceed to determine whether Plaintiff's Complaint states a plausible claim for relief under Fed. R. Civ. P. 12(b)(6).

The Court finds, however, that the deficiency identified in Defendant's motion is easily cured by amendment. Therefore, the Court will deny Defendant's motion to dismiss without prejudice to amend.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 7) is **denied without prejudice**. Plaintiff shall file an amended complaint within five (5) days renaming his ADA claims as Rehabilitation Act claims. If no amended complaint

---

[11] 29 U.S.C. §§ 791, 794.

[12] 42 U.S.C. §§ 12111–17.

[13] 42 U.S.C. § 12111(5)(B)(i).

[14] 39 U.S.C. § 201.

[15] *See Johnson v. U.S. Postal Serv.*, 861 F.2d 1475, 1477 (10th Cir. 1988) (quoting *Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 413 (9th Cir.1985)); *see also DeFrees v. West*, 988 F. Supp. 1390, 1393 (D. Kan. 1997).

[16] *Johnson*, 861 F.2d at 1377.

is filed within five days, the Court will dismiss Plaintiff's ADA claims for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: March 21, 2016

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE